OPINION
 

 SUMMERS, Judge.
 

 Ronnie William Jackson and Joseph Henry Claybrooks (collectively appellants) appeal pursuant to T.R.A.P. 3(b) from a judgment of the Circuit Court at Williamson County on a jury verdict. Claybrooks was convicted of aggravated robbery pursuant to T.C.A. 39-13-402 (1991). Jackson was convicted of aggravated robbery pursuant to T.C.A. 39-11-402(2) (1991), the vehicle through which a person may be held criminally responsible for an offense committed by the conduct of another. Following a sentencing hearing, the court sentenced both Jackson and Clay-brooks to ten (10) years in the Department of Correction. Appellants raise issues concerning the sufficiency of the convicting evidence and the trial court’s application of enhancement and mitigation factors at the sentencing hearing. For the reasons stated herein, we affirm the judgment of the trial court on the convictions and respectfully affirm the judgment as modified by this opinion on the sentencing.
 

 Because appellants’ issue concerning the sufficiency of the convicting evidence is legally flawed, we need only present a review of the evidence necessary to establish the basic facts of this ease. At trial, the state presented evidence from which the jury could have concluded that Claybrooks robbed First Tennessee bank teller, Karen Durfey, at gunpoint. Durfey testified that on April 6,1993, a male black with shoulder length hair and a beard robbed her at gunpoint. She testified that the perpetrator was wearing a brown coat and a pink stocking cap. She identified Claybrooks in the courtroom as the robber. As for Jackson, the state presented evidence from which a rational trier of fact could conclude that Jackson drove the car in which Claybrooks escaped from the robbery scene. The record reflects that shortly after the crime was reported, the police stopped a vehicle fitting the description of the getaway car. An officer involved in the arrest of Claybrooks and Jackson testified that the passenger in this car fit the description of the robber. Officer Larry Campbell identified Jackson in court as the driver of the vehicle. Additionally, the arresting officers discovered a stocking cap of the type used as a mask by the robber, a coat of the type worn by the robber, and a sum of money amounting to approximately $2,900. Carolyn Molasy testified that approximately $3,900 was stolen from the bank.
 

 Appellants’ first issue is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt that the property taken by Claybrooks was property owned by the bank, which they assert is a necessary element of robbery and
 
 *871
 
 aggravated robbery. Appellants assert that the only evidence produced by the state to prove that the money found at the time of their arrest was the same money as that taken by Claybrooks ¡from the bank was the testimony of Durfey and that this evidence is insufficient to establish what they contend is an element of robbery. Proving that the property taken was the property recovered is unnecessary because it is not an element of the offense of aggravated robbery. Robbery is defined in T.C.A. 39-13^401(a) as “the intentional or knowing theft of property from the person of another by violence or putting the person in fear.” The definition of aggravated robbery includes robbery as defined in T.C.A. 39-13-401(a) “[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to believe it to be a deadly weapon.” T.C.A. 39-13-402(a)(l). Appellants concede that they could not locate a case to support their argument and neither could we. The clear wording of T.C.A. 39-13-401(a), however, does not lend itself to the interpretation urged upon us by appellants. “[T]he gist of the offense of robbery is the felonious and forcible taking from the person of another goods of value by putting him in fear.”
 
 Elliott v. State,
 
 454 S.W.2d 187, 188 (Tenn.Crim.App.1970).
 

 Although appellants’ contention is legally flawed, we note that the evidence is sufficient to support the conviction of aggravated robbery. A jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in favor of the state.
 
 State v. Harris,
 
 839 S.W.2d 54, 75 (Tenn.1992). The state is entitled to the strongest legitimate view of the evidence as well as all reasonable inferences that can be drawn from it.
 
 Id.
 
 A guilty verdict against a defendant removes the presumption of innocence afforded at trial and replaces it with a presumption of guilt on appeal.
 
 Id.
 
 The defendant has the burden of affirmatively showing the insufficiency of the evidence.
 
 Id.
 
 “Where the sufficiency of the convicting evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found Defendant guilty beyond a reasonable doubt.”
 
 Id.
 
 Durfey’s testimony that Claybrooks robbed her of money at gunpoint is sufficient evidence to support the convictions of aggravated robbery in this case. Further, even if proving that the money stolen was the money recovered was an element of the offense of aggravated robbery, there would be sufficient evidence, under our standard of review, to support the conviction. Although Durfey testified that she did not know for sure if the money recovered was ever in the bank or not, she did identify a $10.00 bill as a bill that belonged to the bank that was recovered in appellants’ possession. From this identification, the jury could have concluded that the money recovered from the appellants was the money taken by Claybrooks from the bank. Accordingly, appellants’ first issue is without merit.
 

 Appellants next argue that the trial court improperly applied enhancement factors in setting their sentences. Jackson argues that the trial court erred in failing to consider evidence of mitigating factors presented on his behalf at the sentencing hearing. After a sentencing hearing, the trial court sentenced both Jackson and Claybrooks to ten (10) years in the Department of Correction. The sentence range for a Range I Class B felony under the Criminal Sentencing Reform Act of 1989 is “not less than eight (8) nor more than twelve (12) years.” T.C.A. 40-35-112(a)(2) (1990).
 

 In Claybrooks’ case, the trial court applied the following enhancement factors in determining the sentence:
 

 (1) The defendant was a leader in the commission of an offense involving two (2) or more criminal actors. T.C.A. 40-35-114(2).
 

 (2) The amount of the property taken from the victim was particularly great. T.C.A. 40-35-114(6).
 

 (3) The defendant had no hesitation about committing a crime when the risk to human life was high. T.C.A. 40-35-114(10).
 

 (4) The crime was committed under circumstances under which the potential for bodily injury to a victim was great. T.C.A. 40-35-114(16).
 

 
 *872
 
 Claybrooks submitted a list of the following mitigating factors to the court:
 

 (1) The defendant, although found guilty of the crime, committed that offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct. T.C.A. 40-36-113(11) (1990).
 

 (2) The defendant has no prior criminal record.
 
 See
 
 T.C.A. 40-36-113(13).
 

 (3) The defendant has been employed and provided for his family all of his adult life and has employment available upon his release from this charge.
 
 See
 
 T.C.A. 40-35-113(13).
 

 (4) The defendant has already served approximately eight months on this charge and had been an exemplary prisoner. T.C.A. 40-35-113(13).
 

 In the case of Jackson, the trial court considered the following enhancement factors in setting his sentence:
 

 (1) The amount of the property taken from the victim was particularly great. T.C.A. 40-35-114(6).
 

 (2) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving a release in the community. T.C.A. 40-35-114(8).
 

 (3) The defendant had no hesitation about committing a crime when the risk to human life was high. T.C.A. 40-35-114(10).
 

 (4) The crime was committed under circumstances in which the potential for bodily injury to a victim was great. T.C.A. 40-35-114(16).
 

 Although Jackson presented mitigating evidence at the sentencing hearing, he does not argue on appeal that the trial court erred in failing to mitigate his sentence.
 

 At the conclusion of the sentencing hearing, the court said that Claybrooks and Jackson should be treated the same and sentenced them accordingly. The court found that the evidence warranted application of the aforementioned enhancement factors, but he did not comment on the mitigating factors or evidence.
 

 On appeal, appellants argue that the trial court improperly applied enhancement factors T.C.A. 40-35-114(10) and (16) because these factors are essential elements of the offense charged in the indictment. T.C.A. 40-35-114 provides “[i]f appropriate for the offense, enhancement factors, if not themselves essential elements of the offense as charged in the indictment, may include....”
 

 We conclude that the trial court’s application of T.C.A. 40-35-114(10) and (16) was misplaced. T.C.A. 40-35-114 prohibits using an element of the offense to increase the sentence. T.C.A. 40-35-114(10) refers to the defendant having “no hesitation about committing a crime when the risk to human life is high.” To the extent that every armed robbery includes a high risk to human life, it must be assumed that the legislature did not contemplate the application of this enhancement factor. Otherwise the presumed minimum sentence of eight years for aggravated robbery would never apply because a court would always find the existence of this factor. This Court has previously recognized that factors which are inherent in a particular offense, even if not designated as an element, should not- be given substantive weight in increasing a sentence. See, e.g.,
 
 State v. Scott,
 
 735 S.W.2d 825, 830 (Tenn.Crim.App.1987). The state concedes that in
 
 State v. Kelso,
 
 No. 03C01-9305-CR-00141, 1993 WL 523404 (Ct.Crim.App., Dec. 17, 1993) and
 
 State v. Wilkerson,
 
 No. 03C01-9105-CR-00136, 1992 WL 1959 (Ct.Crim.App., Jan. 9, 1992) the Court concluded that enhancement factors ten (10) and sixteen (16) are essential elements of the offense of aggravated robbery and thus not available for enhancing a sentence. With regard to factor ten (10), however, the state points out that Tennessee courts have applied that factor to enhance a sentence for second degree murder. The state argues that the reasons for excluding the application of factor ten (10) to enhance the sentence for second degree murder would seem more persuasive than the reasons for excluding factor ten (10) in enhancing a sentence for aggravated robbery. The state cites
 
 State v. Birge,
 
 792 S.W.2d 723, 726 (Tenn.Crim.App.1990) and
 
 State v. Thomas,
 
 755 S.W.2d 838, 845 (Tenn.Crim.App.1988) in
 
 *873
 
 which we affirmed the trial courts’ application of factor ten (10) to enhance the sentences for second degree murder in those cases. We have considered this thought provoking argument but decline to endorse the application of factor ten (10) in the case of aggravated robbery. Instead, we adopt the reasoning in the previously cited unreported decisions and hold that the trial court’s application of factors ten (10) and sixteen (16) to enhance the sentences of the appellants was érror. The offense of aggravated robbery necessarily entails a high risk to human life and a potential for great bodily harm.
 

 Our conclusion that the trial court erred on this issue does not mean that the enhancement of the sentence was unreasonable if the increased sentence was sufficiently supported by evidence of the other enhancement factors. Appellate review of a sentence is
 
 de novo
 
 with a presumption that the trial court’s determinations are correct. T.C.A. 40-35-401(d) (1990). If the trial court fails to follow the 1989 Sentencing Act, the presumption of correctness fads.
 
 State v. Shelton,
 
 854 S.W.2d 116, 123 (Tenn.Crim.App.1992). In our opinion, the presumption of correctness of the trial court’s determinations must fall because he did not follow the procedures required by the Sentencing Act. Pursuant to the Sentencing Act, the trial court must place in the record, either orally or in writing, what enhancement or mitigating factors it found, or the absence thereof. T.C.A. 40-35-210(0 (1990). Further, the Sentencing Act requires that the trial court place in the record the specific findings of fact upon which the principles of sentencing are based as required by T.C.A 40-35-209(c) (Supp.1994). T.C.A. 40-35-210(0. These factors must be in the record for an adequate review. At the conclusion of the sentencing hearing, the trial court articulated the applicable enhancement factors. He, however, then stated that he thought Claybrooks and Jackson should be treated alike. From the record, it is unclear whether the trial court considered the evidence of mitigating factors presented on behalf of the appellants at the sentencing hearing. In our opinion, the trial judge’s findings, as expressed in the record, do not satisfy the statutory sentencing requirements previously stated.'
 

 Accordingly, we must conduct a
 
 de novo
 
 review of the sentences. In so doing, we must consider “the evidence if any, received at the trial and the sentencing hearing, information contained in the pre-sen-tence report, the statutory principles of sentencing, counsel’s arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, mitigating and statutory enhancement factors, any statement that the defendant made on his own behalf, and the potential for rehabilitation or treatment.”
 
 State v. Ashby,
 
 823 S.W.2d 166, 169 (Tenn.1991). This Court, in conducting its
 
 de novo
 
 review, is authorized to consider any enhancement or mitigating factors supported by the record.
 
 State v. Adams,
 
 864 S.W.2d 31, 34 (Tenn.1993). After reviewing the entire record, we conclude that the evidence of the enhancement factors found by the court, other than factors ten (10) and sixteen (16), in both Claybrooks and Jackson’s case, support the trial court’s increase in the sentence length from eight to ten years. Claybrooks presented mitigating evidence that he did not have any prior criminal convictions and that he had provided for his children during his adult life. He argues on appeal that the trial court failed to consider this evidence in setting his sentence. We agree and reduce Claybrooks’ sentence from ten years in the Department of Correction to nine years.
 
 [1]
 
 We reiterate that Jackson has not raised the issue of whether the trial court failed to consider evidence of mitigating factors in setting his sentence and accordingly this issue is waived. We note, however, that Jackson has a prior criminal conviction and a parole revocation, which would preclude mitigation based on the absence of prior criminal convictions.
 

 The sentencing presumption did not exist in this case. Hence, the judgment of the
 
 *874
 
 trial court is affirmed as to the convictions and affirmed as modified in the sentencing.
 

 WADE and WELLES, JJ., concur.
 

 [1]
 

 .' The evidence does not support a finding that T.C.A. 40-35-113(11) is applicable to mitigate Claybrooks’ sentence.