IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 3, 2000 Session

**STATE OF TENNESSEE v. SHIRLEY DAVIS**

**Appeal as of Right from the Criminal Court for Shelby County**
**No. 98-14215     Carolyn Wade Blackett, Judge**

_____

**No. W2000-00084-CCA-R3-CD  - Filed May 9, 2001**

_____

On December 3, 1998, a Shelby County Grand Jury indicted Shirley Davis, the Defendant and Appellant, for aggravated robbery. Following a jury trial, the Defendant was convicted as charged. After a subsequent sentencing hearing, the trial court sentenced the Defendant to serve nine years incarceration. On appeal, the Defendant claims that the trial court erroneously enhanced her sentence. Although we find that the trial court erroneously applied a statutory enhancing factor, our de novo review reveals the existence of an applicable enhancing factor that was not applied by the trial court. This enhancement factor amply justifies the sentence imposed. Accordingly, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, J., and ALAN E. GLENN, J., joined.

John Sorrels, Memphis, Tennessee, for appellee, Shirley Davis.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General; William L. Gibbons, District Attorney General; Janet L. Shipman, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On July 31, 1998, Hoye Solomon drove a small truck to a neighborhood grocery store. Before he got out of the truck, the Defendant approached him, put a chrome pistol to his head, and demanded his wallet. Mr. Solomon gave the Defendant his wallet, and she started to walk away. After a few steps, the Defendant realized that Mr. Solomon's wallet was empty. The Defendant turned back toward Mr. Solomon, yelled "give me your f**king money," and fired three shots into the air. She went back to Mr. Solomon and reached into his shirt pockets, where she found $122.00. She took the money, got into a black car parked across the street, and fled.

Mr. Solomon immediately called police and reported the robbery. Over the next few weeks, Mr. Solomon occasionally saw the Defendant, but she would turn away from him or try to obscure her face. On August 17, 1998, Mr. Solomon stopped Officer Adam Merritt, a patrol officer in the same neighborhood, and told Officer Merritt that he had just seen the Defendant. He described the Defendant, her location and her clothes. Officer Merritt saw a woman nearby who matched the description provided by Mr. Solomon, and he picked her up. Mr. Solomon subsequently identified the Defendant while she was sitting in the back of the patrol car. Officer Merritt then transported the Defendant to the Shelby County Criminal Justice Complex, where the Defendant gave a statement admitting that she robbed Mr. Solomon.

The Defendant was indicted, tried and convicted for aggravated robbery. At a subsequent sentencing hearing, the State argued that the Defendant's sentence should be enhanced because the pre-sentence report indicated that she had a previous history of criminal convictions in addition to those necessary to establish that she was a Range I, standard offender. Specifically, the pre-sentence report indicated that the Defendant had been convicted of misdemeanor possession of cocaine and felony possession of marijuana with intent to sell. The Defendant did not attempt to persuade the court that any mitigating factors applied. Following the hearing, the trial court found the existence of one statutory enhancement factor: that the offense was committed under circumstances under which the potential for bodily injury was great. The court found no mitigating factors. Accordingly, the court sentenced the Defendant to serve nine years incarceration.

## Sentencing

On appeal, the Defendant challenges the imposition of a nine-year sentence. When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

The Defendant contests the length of her nine-year sentence. The Defendant was convicted of aggravated robbery, a Class B felony. Tenn. Code Ann. § 39-13-402(b). The sentencing range for a Range I offender convicted of a Class B felony is between eight and twelve years. Id. § 40-35-112(a)(2). The sentence to be imposed by the trial court for a Class B felony is presumptively the minimum in the range if neither enhancement nor mitigating factors are present. Id. § 40-35-210(c). The trial court is to increase the sentence within the range based upon the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. Id. § 40-35-210(e).

In this case, the court found the existence of one enhancement factor, that "[t]he crime was committed under circumstances under which the potential for bodily injury to a victim was great."

Id. § 40-35-114(16). The court found no mitigating factors. On appeal, the Defendant claims, and the State concedes, that the trial court erred when it enhanced the sentence, because the potential for great bodily injury is an element of aggravated robbery. We agree. In State v. Claybrooks, this Court found that because the offense of aggravated robbery necessarily entails a potential for great bodily harm, application of this enhancement factor was erroneous. 910 S.W.2d 868, 872-73 (Tenn. Crim. App. 1994). Thus, the trial court erred when it applied the statutory enhancement factor.

However, this does not end the analysis, because the record indicates that another enhancement factor was applicable. See State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993) (holding that Court of Criminal Appeals, in conducting its de novo review, is authorized to consider any enhancement factors supported by the record.); see also State v. Pearson, 858 S.W.2d 879, 885 (Tenn. 1993) (affirming Court of Criminal Appeals' application of an enhancement factor not relied upon by the trial court). The Defendant was sentenced as a standard, Range I offender. As stated above, the pre-sentence report indicates that the Defendant had previously been convicted of misdemeanor possession of cocaine in 1990 and felony possession of marijuana with intent to sell in 1988. Accordingly, we find that the Defendant's two prior convictions indicate that the Defendant had a previous criminal history in addition to that necessary to establish the appropriate sentencing range. See Tenn. Code Ann. § 40-35-114(1). We find no applicable mitigating factors. Having found one applicable enhancing factor and no applicable mitigating factors, we find a nine-year sentence appropriate for this Defendant.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE