# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## SEPTEMBER SESSION, 1999

FILED

November 29, 1999

Cecil CROWS ON, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9811-CR-00419 |
| Appellant, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RICHARD BAUMGARTNER |
| COLLIN BENTLEY STEEN, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Direct Appeal - Aggravated Robbery) |

FOR THE APPELLEE:

JULIE A. MARTIN
P. O. Box 426
Knoxville, TN 37901-0426

FOR THE APPELLANT:

PAUL G. SUMMERS
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General

ANNE S. CRISLER
Assistant District Attorney
City-County Building
Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Colin Bentley Steen, pled guilty in the Knox County Criminal Court to one (1) count of aggravated robbery, a Class B felony. The trial court sentenced him as a Range I, Standard Offender, to eight (8) years incarceration. On appeal, the appellant claims that the trial court erred in (1) failing to sentence him as an Especially Mitigated Offender; and (2) denying his request for alternative sentencing. After a thorough review of the record before this Court, we affirm the judgment of the trial court.

## I.

In the early morning hours of July 12, 1996, Jack Lawson was working as a night clerk at the Scottish Inn Motel in Knoxville. A man came to the front door, and Lawson allowed him to come inside.[1] The man asked for directions, and while he and Lawson were conversing, another man appeared wearing a bandana around the lower portion of his face. The second man, whom Lawson identified as the appellant, brandished a gun and demanded money. Lawson showed him where he kept the evening's earnings from the motel, and the appellant took an envelope containing approximately $900 - $1,000. The appellant and his accomplice left shortly thereafter, and Lawson contacted the police.

The appellant subsequently pled guilty to one (1) count of aggravated robbery. At the sentencing hearing, the appellant expressed remorse for his involvement in the offense. He testified that he had been drinking and smoking marijuana on the day of the incident and could not recall specific details about the incident. He further expressed his desire to become a productive member of society should the trial court release him in a community-based alternative to incarceration.

---

[1] Lawson testified that he kept the front door locked during the night shift.

As an enhancement factor, the trial court found that the appellant was a leader in the commission of the offense. Tenn. Code Ann. § 40-35-114(2). In mitigation, the trial court found that the appellant was remorseful and accepted responsibility for his actions. Tenn. Code Ann. § 40-35-113(13). The trial court sentenced the appellant as a Range I, Standard Offender, to eight (8) years, the minimum in the range for a Class B felony. The trial court further denied any form of alternative sentencing. From his sentence, the appellant now brings this appeal.

## II.

The appellant challenges the sentence imposed by the trial court in two ways. First, he claims that the trial court erred in failing to sentence him as an Especially Mitigated Offender. Secondly, he argues that the trial court erred in denying his request to serve his sentence in the Community Alternative to Prison Program ("CAPP") pursuant to Tenn. Code Ann. § 40-36-106(c).

### A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing;
>
> (2) [t]he presentence report;

(3) [t]he principles of sentencing and arguments as to sentencing alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

## B. Especially Mitigated Offender

The appellant contends that the trial court erred in failing to sentence him as an Especially Mitigated Offender under Tenn. Code Ann. § 40-35-109(a). He alleges that the trial court's application of Tenn. Code Ann. § 40-35-114(2) as an enhancement factor was erroneous because there is no evidence in the record to support a finding that he was the leader in the commission of the offense. Thus, he reasons that because no enhancement factors are applicable, and the trial court found applicable mitigating factors, he should have been sentenced as an Especially Mitigated Offender.

Initially, this Court notes that the appellant never requested to be sentenced as an Especially Mitigated Offender at the sentencing hearing. As a result, the issue is waived. Tenn. R. App. P. 36(a); see State v. Duncan Johnson, C.C.A. No. 02C01-9211-CC-00256, Gibson County, 1993 Tenn. Crim. App. LEXIS 508, at *2 (Tenn. Crim. App. filed August 4, 1993, at Jackson).

Secondly, the mere absence of applicable enhancement factors does not necessitate a finding that the appellant is an Especially Mitigated Offender. Tenn. Code Ann. § 40-35-109(a) provides that a trial court "may find the defendant is an especially mitigated offender, if: (1) the defendant has no prior felony convictions; and (2) the court finds mitigating, but no enhancement factors." (Emphasis added). This provision is not mandatory, but discretionary. State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993). Whether a defendant is sentenced as an especially mitigated offender is a determination that rests within the sound discretion of the trial court. State v. Hicks, 868 S.W.2d 729, 730-31 (Tenn. Crim. App. 1993); State v. Braden, 867 S.W.2d at 762-63. Especially mitigated status is reserved for

"instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties." Tenn. Code Ann. § 40-35-109, Sentencing Commission Comments.

In any event, the trial court did not err in applying Tenn. Code Ann. § 40-35-114(2) as an enhancement factor in this case. The victim testified that the co-defendant came into the Scottish Inn Motel, asking for directions. While he and Lawson were talking, the appellant appeared, pointed a gun at Lawson and demanded money. Lawson testified that the co-defendant stepped aside and "let the [appellant] do his job." The evidence in the record supports the trial court's conclusion that the appellant was a leader in the commission of the offense. Tenn. Code Ann. § 40-35-114(2).

Furthermore, although the trial court did not find that the appellant's history of prior criminal conduct, his admitted illegal drug use, was applicable as an enhancement factor, Tennessee Code Annotated § 40-35-114(1), this Court is authorized, under our power of *de novo* review, to consider any enhancement factors supported by the record. State v. Claybrooks, 910 S.W.2d 868, 873 (Tenn. Crim. App. 1994). We find this enhancement factor applicable in this case.

Two enhancement factors are applicable to the appellant's sentence for aggravated robbery. Thus, the appellant is statutorily ineligible to be classified as an Especially Mitigated Offender. Tenn. Code Ann. § 40-35-109(a)(2). This issue is without merit.

### C. Alternative Sentencing

In his next issue, the appellant asserts that the trial court erred in refusing to place him on community corrections. He maintains that he qualifies for the CAPP Program under the "special needs" provision of Tenn. Code Ann. § 40-36-106(c) due to his drug and alcohol use.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an

offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations:

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

As the state correctly points out, the appellant is not statutorily entitled to the presumption of alternative sentencing. Under Tenn. Code Ann. § 40-35-102(6), an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing. Because the appellant was convicted of aggravated robbery, a Class B felony, he is not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 39-13-402(b).

Moreover, it is well-settled that a defendant must be eligible for probation before he may be sentenced pursuant to Tenn. Code Ann. § 40-36-106(c). State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App.), *perm. to app. denied* (Tenn. 1997); State v. Boston, 938 S.W.2d at 438-39; State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). The appellant is statutorily ineligible for probation because he was convicted of aggravated robbery under Tenn. Code Ann. § 39-13-402. *See* Tenn. Code Ann. § 40-35-303(a). Therefore, the appellant is ineligible to be sentenced under Tenn. Code Ann. § 40-36-106(c).

In addition, we agree with the trial court that the evidence in the record does not support a finding that the appellant meets the requirements of the "special

needs" provision under Tenn. Code Ann. § 40-36-106. In order to qualify for this provision, the trial court must determine that:

> (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable, and (4) the treatment of the special need could be best served in the community rather than in a correctional institution.

State v. Grigsby, 957 S.W.2d at 546-47.

The trial court found no proof that the appellant suffered from a chronic drug and/or alcohol abuse problem. The record demonstrates that the trial court considered the relevant facts and circumstances; thus, this Court must presume that the trial court's findings are correct. *See* Tenn. Code Ann. § 40-35-401(d); State v. Ashby, 823 S.W.2d at 169.

Furthermore, even assuming that the appellant has a chronic alcohol and/or drug abuse problem, the appellant has not established a causal connection between his drug/alcohol problem and his criminal conduct. The appellant testified that he had been smoking marijuana and drinking on the day of the incident and could not recall the specific details of the incident. However, the victim and another witness testified at the sentencing hearing that the appellant did not appear to be intoxicated or under the influence at the time of the incident.

The trial court correctly determined that the appellant does not qualify for alternative sentencing under Tenn. Code Ann. § 40-36-106(c). This issue has no merit.

## III.

After a thorough review of the record before this Court, we conclude that the trial court properly sentenced the appellant as a Range I, Standard Offender, to eight (8) years incarceration. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE