## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### OCTOBER 1999 SESSION

**FILED**

January 25, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | * | C.C.A. NO. W1999-01580-CCA-R3-CD |
| Appellee, | * | TIPTON COUNTY |
| v. | * | Hon. Joseph H. Walker, III, Judge |
| **WILLIE BAILEY**, | * | (Sentencing) |
| Appellant. | * | |

For Appellant:

Cyburn H. Sullivan, III
112 East Liberty
P.O. Box 395
Covington, TN 38019

For Appellee:

Paul G. Summers
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Patricia C. Kussman
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

James W. Freeland, Jr.
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

### OPINION

On July 14, 1997, the appellant, Willie Bailey, was convicted by a jury in the Tipton County Circuit Court of aggravated robbery and felony possession of a

handgun.  On August 7, 1997, the trial court sentenced the appellant as a persistent Range III offender to twenty-six years incarceration for the aggravated robbery conviction and five years incarceration for the felony possession of a handgun with the sentences to be served concurrently for an effective sentence of twenty-six years incarceration in the Tennessee Department of Correction.

In this appeal as of right, the appellant presents the following sentencing issues for our review:  (1) Whether the trial court erred by sentencing the appellant as a persistent offender; and (2) Whether the trial court misapplied certain enhancement factors.  Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

Initially, we note that the appellant did not include a transcript of the trial in the record on appeal.  Our review of the appellant's sentence requires an analysis of (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment.  Tenn. Code Ann. § 40-35-102, -103, and -210 (1997).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d) (1997).  This presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  The burden is upon the appellant to demonstrate the impropriety of the sentence.  State v. Wilkerson, 905 S.W.2d 933, 934 (Tenn. 1995).  In this respect, failure to include a transcript of the trial makes it impossible for this court to conduct an appropriate de novo consideration of the case or to determine

2

whether the trial court erred relative to its determinations which were based in any part on that evidence. State v. Hayes, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994); State v. Tate, No. 03C01-9110-CR-327, 1992 WL 281928, at *1 (Tenn. Crim. App. at Knoxville, October 15, 1992).

Notwithstanding the absence of the transcript of the trial, the record establishes that the trial court correctly sentenced the appellant as a persistent Range III offender. See Tenn. Code Ann. § 40-35-107(a) (1997). The appellant argues that the trial court misapplied three enhancement factors. Specifically, the appellant contends and the State concedes that Tenn. Code Ann. § 40-35-114(10) (1997) (defendant had no hesitation about committing a crime where the risk to human life was high) and Tenn. Code Ann. § 40-35-114 (16) (1997) (the crime was committed under circumstances where the potential for bodily injury to a victim was great) are inherent in the offense of aggravated robbery when no other persons were present. State v. King, 905 S.W.2d 207, 213 (Tenn. Crim. App. 1995); State v. Claybrooks, 910 S.W.2d 868, 872 (Tenn. Crim. App. 1994). Although the State concedes that the trial court improperly applied these two enhancement factors, we have no way of determining what an appropriate sentence should be in the absence of such enhancement factors. The appellant also argues that the trial court misapplied the enhancement factor found in Tenn. Code Ann. § 40-35-114(13) (1997) (appellant on some form of release status at the time of the offense). However, the record supports the trial court's application of this enhancement factor. In summary, in order to fully assess the issues raised by the appellant, this court must consider, among other things, the evidence received at trial and the nature and characteristics of the crime. Because the record does not contain a transcript of the trial, we are unable to determine what an appropriate sentence should be. In the absence of a complete record, we decline to disturb the sentencing determinations of the trial court. Accordingly, the judgment of the trial court is affirmed.

_____

_____
Norma McGee Ogle, Judge

CONCUR:


_____

John H. Peay, Judge


_____

Alan E. Glenn, Judge