IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. LAWRENZO MENTON

**Appeal from the Criminal Court for Shelby County**
**Nos. 00-02081, 82, 83, 84    W. Otis Higgs, Jr., Judge**

_____

**No. W2004-00350-CCA-R3-CD  -  Filed January 13, 2005**

_____

A Shelby County jury convicted the defendant, Lawrenzo Menton, of two counts of aggravated robbery and two counts of kidnapping, and the trial court sentenced him to twelve years for each robbery with the second count to be served consecutively to the first and six years for each kidnapping with both counts to be served concurrently with each other and with the second robbery count for an effective total sentence of twenty-four years in the Department of Correction. On direct appeal, the defendant contended, among other things, that the trial court erred in ordering consecutive sentencing. This court agreed and remanded the case to the trial court for a determination of the basis for the imposition of consecutive sentences. State v. Lawrenzo Menton, No. W2002-00267-CCA-R3-CD, Shelby County, slip op. at 1 (Tenn. Crim. App. July 2, 2003), app. denied (Tenn. Dec. 15, 2003). At the resentencing hearing, the trial court once again ordered that the defendant serve his robbery sentences consecutively. The defendant appeals, claiming that the trial court abused its discretion in ordering consecutive sentencing and that the trial court's imposition of consecutive sentences violates the rule announced in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). We hold that the record is insufficient to justify the trial court's imposition of consecutive sentences and that because the defendant's case is still on direct appeal, plain error requires us to modify the defendant's sentences in light of Blakely to eight years and six months for each aggravated robbery conviction and three years and six months for each kidnapping conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed,**
**Sentences Modified**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. DAVID G. HAYES, J., filed a concurring opinion.

Brett B. Stein, Memphis, Tennessee, for the appellant, Lawrenzo Menton.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Lynn Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's kidnapping and robbing two victims near Memphis State University in the fall of 1999. The evidence at the trial showed that the defendant and an accomplice approached both victims claiming that they were armed. They told the victims to accompany them to their car if they did not want to be hurt. The defendant and his accomplice then robbed the victims by putting them in the backseat of their car and taking them to various establishments in an attempt to obtain cash from the victims' ATM and credit cards. While neither victim was injured, both testified that they feared for their lives.

In imposing the same sentence at the resentencing hearing, the trial court stated,

> [This] offense involved more than one victim. The defendant possessed, or employed a firearm, explosive devise, or other deadly weapon during the commission of the offense.
>
> The defendant had no hesitation about committing a crime. The crime was committed under circumstances under which the potential for bodily injury to the victim was great. And the defendant committed the offense while on school property.
>
> All of those factors, plus the fact that I thought that this was an extremely horrible crime, in the sense that these men were abducted off the University of Memphis's -- on or near the University of Memphis's campus and kidnapped and put in a vehicle and driven away.
>
> I thought that the deterrent factor of this kind of crime was so great that this Court needed to make a statement about that. This was a terrible situation that involved grave danger to the victim.
>
> And I thought that the Court's finding of a consecutive sentence, under those circumstances, was right and proper and that the Court imposed the correct sentence.
>
> Of course, I didn't -- I thought I elaborated on it, quite frankly, and made a pretty good statement as to why I thought that the sentence should be consecutive.
>
> But, more importantly, the manner in which the defendants in this case were lying in wait, awaiting for a victim, approaching a victim, abducting the victim, all of those factors, in my [judgment], indicated that there should be a severe penalty involved.
>
> Mr. Menton is a very young man and I listened to all of that. But, I thought that the deterrent [effect] far outweighed his age, his youthfulness and lack of a record and all of that.

And I thought that there were two specific victims. And I thought that there were two separate incidents and it demanded consecutive sentences.

## ANALYSIS

The defendant claims that the trial court erred by ordering him to serve his robbery sentences consecutively because it failed to address whether consecutive sentencing was necessary to protect the public from the defendant and that the trial court's imposition of consecutive sentences after making findings of fact, which were not inherent in the jury's decision or admitted by the defendant, violated the defendant's Sixth Amendment right to jury trial. See Blakely, 542 U.S. at __, 124 S. Ct. at 2536. The state contends that the trial court properly imposed consecutive sentencing and that Blakely does not apply to consecutive sentencing determinations. We agree with the state that Blakely does not affect Tennessee's consecutive sentencing scheme. However, because the record does not support the imposition of consecutive sentencing under the Sentencing Act of 1989, we reverse the trial court and order the defendant's sentences to run concurrently. Also, under plain error review, we reduce the length of the defendant's sentences from twelve years for each aggravated robbery conviction to eight years and six months and from six years for each kidnapping conviction to three years and six months.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

Unless enhancement factors are present, the presumptive sentence to be imposed is the minimum in the range for a Class B or Class C felony. T.C.A. § 40-35-210(c). Our sentencing act provides that, procedurally, the trial court is to increase the sentence within the range based on the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. Id. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Id. § 40-35-210, Sentencing Commission Comments; State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); see Ashby, 823 S.W.2d at 169.

In conducting our de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; Moss, 727 S.W.2d at 236-37.

Consecutive sentencing is guided by T.C.A. § 40-35-115(b), which states in pertinent part that the court may order sentences to run consecutively if it finds by a preponderance of the evidence that the defendant is a "dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." For dangerous offenders, though, "consecutive sentences cannot be imposed unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995); see State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Rule 32(c)(1), Tenn. R. Crim. P., requires that the trial court "specifically recite the reasons" behind its imposition of a consecutive sentence. See State v. Donnie Thompson, No. M2002-01499-CCA-R3-CD, Maury County (Tenn. Crim. App. Mar. 3, 2003).

In its opinion remanding this case to the trial court, this court stated,

> It appears, based upon several of the court's comments at the [original] sentencing hearing, that the court may have determined that the Defendant is a dangerous offender, see [T.C.A.] § 40-35-115(4), although the trial court failed to make any specific finding to this effect in the record. However, even assuming that the trial court intended to base the imposition of consecutive sentences on a finding that the Defendant is a dangerous offender, the trial court failed to make the appropriate findings supporting the use of this factor. "[T]he imposition of consecutive sentences on an offender found to be a dangerous offender requires, in addition to the application of general principles of sentencing, the finding that an extended sentence is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences must reasonably

-4-

relate to the severity of the offenses committed." State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995); see also State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). We therefore must remand this case to the trial court to make findings concerning the imposition of consecutive or concurrent sentences.

Menton, slip op. at 18.

At the resentencing hearing, the trial court did indeed make findings, but they were not applicable to T.C.A. § 40-35-115(b)(4). Instead, its findings were consistent with T.C.A. § 40-35-114, the section of the code concerning sentence enhancement. The trial court specifically noted that the defendant had no hesitation about committing a crime where the risk to human life is high. See id. § 40-35-114. Because the trial court did not comply with Section 115 at the resentencing hearing, we review the defendant's sentences de novo with no presumption of correctness.

The only applicable factor that may support the imposition of consecutive sentences in this case is T.C.A. § 40-35-115(b)(4), that "the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high . . . ." However, even if we were to apply this factor, the record is not sufficient for us to conclude that consecutive sentences are reasonably related to the severity of the crimes and needed to protect society from further serious criminal conduct by the defendant. We note from the record that neither victim in this case was physically harmed. We further note from the presentence report that the defendant had no juvenile record, that the defendant graduated from high school and was attending college before committing the offenses but that the defendant had a misdemeanor conviction for marijuana possession. This evidence is simply not sufficient under the Wilkerson test to support consecutive sentencing. We reverse the trial court and order that the defendant's sentence for the second count of aggravated robbery shall be served concurrently with his sentence for the first count of aggravated robbery.

The defendant next contends that the rule announced in Blakely prohibits the trial court from finding certain facts needed to impose consecutive sentencing. However, we agree with previous decisions of this court holding that Blakely does not apply to consecutive sentencing determinations. See State v. Earice Roberts, No. W2003-02668-CCA-R3-CD, Shelby County (Tenn. Crim. App. Nov. 23, 2004); see also State v. Roderick Davis, W2002-02338-CCA-R3-CD, Shelby County, (Tenn. Crim. App. Dec. 13, 2004). The defendant does not argue, however, that the trial court's enhancement of his sentences for aggravated robbery from eight years, the minimum within the range, to twelve years, the maximum within the range, and for kidnapping from three years, the minimum within the range, to six years, the maximum within the range, violated Blakely.

Failure to raise an issue on appeal constitutes waiver. See T.R.A.P. 13(b). However, because the trial court's application of certain enhancement factors, which were neither found by the jury nor admitted by the defendant, violated the defendant's right to trial by jury and because the defendant's case is still on direct appeal, we review the trial court's enhancement of the defendant's sentences

under Rule 52(b), Tenn. R. Crim. P.  See State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, White County, slip op. at 15-25 (Tenn. Crim. App. Nov. 30, 2004).

Rule 52(b), Tenn. R. Crim. P., provides

> (b) Plain Error.  An error which has affected the substantial rights of
> an accused may be noticed at any time, even though not raised in the
> motion for a new trial or assigned as error on appeal, in the discretion
> of the appellate court where necessary to do substantial justice.

See also T.R.A.P. 36(b).  Our supreme court "has developed five factors to consider when deciding whether an error constitutes 'plain error' in the absence of an objection at trial: '(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is necessary to do substantial justice.'"  State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)).  In order for this court to reverse the judgment of a trial court, the error must be "of such a great magnitude that it probably changed the outcome of the [proceedings]," and "recognition should be limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial."  Adkisson, 899 S.W.2d at 642.

While no witnesses testified at the original sentencing hearing, the state introduced the defendant's presentence report into evidence.  The presentence report indicated that the defendant was twenty years old at the time of the offense, that he did not have a prior juvenile record, but that he had a prior conviction as an adult for misdemeanor marijuana possession.  After considering the presentence report and the arguments of counsel, the trial court applied enhancement factors listed in T.C.A. § 40-35-114 as the following: (2), that the defendant has a prior history of criminal convictions; (3), that the defendant was a leader in the commission of an offense involving two or more criminal actors; (4), that the offense involved more than one victim; (6), that the defendant treated or allowed the victim to be treated with exceptional cruelty; (11), that the defendant had no hesitation about committing a crime when the risk to human life was high; and (17), that the offense was committed under circumstances where the potential for bodily injury to a victim was great.  Pursuant to Rule 52(b), Tenn. R. Crim. P. and Rule 36(b), T.R.A.P., we hold that the trial court erred in applying  factors (3), (4), (6), (11), and (17) to enhance the defendant's sentences.

In Blakely, the United States Supreme Court extended the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and held that the Sixth Amendment guarantee to jury trial encompassed the right to have a jury determine all essential facts necessary for the imposition of sentencing.  See Blakely, 542 U.S. at __, 124 S. Ct. at 2537.  The Court explained,

> Our precedents make clear, however, that the "statutory maximum"
> for Apprendi purposes is the maximum sentence a judge may impose

> solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Id.

When the trial court applied enhancement factors (3), (4), (6), (11), and (17) to increase the length of the defendant's sentences, it violated his right to have a jury determine all the essential facts necessary to the imposition of punishment. We hold that in so doing, the trial court adversely affected a substantial right of the defendant–the right to trial by jury and that "consideration of the error is necessary to do substantial justice." Smith, 24 S.W.3d at 282 (quoting Adkisson, 899 S.W.2d at 641-42). Therefore, we review the defendant's sentences de novo with no presumption of correctness. In this regard, "we cannot violate Blakely in our determination of appropriate enhancement factors." Walters, slip op. at 26.

We begin by noting that the trial court applied enhancement factor (3), that the offense involved more than one victim. Because the defendant was convicted separately for the crimes he committed against each victim, the trial court erred in applying this factor. See State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995) (holding "this factor may not be applied to enhance a sentence when the appellant is separately convicted of the offenses committed against each victim"); accord State v. Freeman, 943 S.W.2d 25 (Tenn. Crim. App. 1996); State v. McKnight, 900 S.W.2d 36 (Tenn. Crim. App. 1994).

The trial court also applied factors (11), that the defendant had no hesitation about committing a crime where the risk to life was high and (17), that the crime had the potential for great bodily injury. This court has previously held that because these factors are inherent in the crime of aggravated robbery, they may not be used to enhance a defendant's sentence for that crime. See State v. Claybrooks, 910 S.W.2d 868, 872 (Tenn. Crim. App. 1994) (holding that conviction for aggravated robbery precludes application of factors (11) and (17)). We hold the trial court erred by enhancing the defendant's sentences for aggravated robbery based upon the application of factors (11) and (17).

The only remaining factor which we may consider without offending Blakely is factor (2) based upon the defendant's prior conviction for possession of marijuana. See Blakely, 542 U.S. at ___, 124 S. Ct. at 2537. We decline to afford the presence of this factor much weight, however, based upon the nature of the offense. We believe that the defendant's sentences must be reduced from twelve years for each aggravated robbery conviction to eight years and six months and from six years for each kidnapping conviction to three years and six months.

Based on the foregoing and the record as a whole, we reverse the trial court's imposition of consecutive sentencing, and we modify the defendant's sentences to eight years and six months for each aggravated robbery and three years and six months for each kidnapping to be served concurrently with each other.

 

_____

JOSEPH M. TIPTON, JUDGE