# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 24, 2010

## STATE OF TENNESSEE v. JOSHUA LEE ARP

**Direct Appeal from the Circuit Court for Sevier County**
**Nos. 14167-III, 14238-III     Rex Henry Ogle, Judge**

_____

**No. E2010-00371-CCA-R3-CD - Filed September 29, 2010**

_____

The defendant, Joshua Lee Arp, was convicted by a Sevier County Circuit Court jury of attempted aggravated robbery, a Class C felony; attempted robbery, a Class D felony; and public intoxication, a Class C misdemeanor. He was sentenced as a Range III offender to fifteen years on the attempted aggravated robbery conviction and twelve years on the attempted robbery conviction, to be served concurrently. On appeal, he challenges the sentences imposed by the trial court. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, J., joined. JOSEPH M. TIPTON, P.J., filed a concurring opinion.

Edward C. Miller, District Public Defender; and Amber D. Haas, Assistant Public Defender, for the appellant, Joshua Lee Arp.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; James B. Dunn, District Attorney General; and Barry A. Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The trial transcript was not included in the record on appeal. From the indictments, general sessions warrants, and excerpt of facts in the presentence report, we glean that the defendant's convictions arose out of his entering a Pigeon Forge motel and Subway restaurant on December 27, 2008, demanding money from an employee therein, and, during

the incident at the motel, threatening to kill the employee while brandishing a corkscrew. That same evening, a police officer encountered the defendant, noticed that he exhibited signs of intoxication, and arrested him.

The jury convicted the defendant of attempted aggravated robbery, attempted robbery, and public intoxication. The trial court conducted a sentencing hearing, at which the defendant testified that he was under the influence of Xanax and marijuana the night the incidents occurred, and he remembered being at Subway but not the motel. He explained that he was able to go for a period of time without using drugs but "would always seem to get back into it slowly but surely." He had planned on using his visit to Pigeon Forge "to kick back for a while . . . [and] thought [he] could handle it at that time[,] [but] [i]t didn't work out like that." Defense counsel pointed out that the presentence report reflected that the defendant was remorseful and embarrassed by his actions. The parties agreed that the defendant was classified as a Range III, persistent offender.

In sentencing the defendant, the trial court found that the defendant had a history of criminal convictions in addition to those necessary to establish his range, Tenn. Code Ann. § 40-35-114(1), and that the defendant had no hesitation about committing a crime when the risk to human life was high. Id. § 40-35-114(10). The court did not find that any mitigating factors were applicable. The court observed that the defendant had substance abuse problems and appeared to appreciate the seriousness of his actions. However, the court noted that the defendant was a "high risk offender" who committed two serious, "violent type offenses" on the same night "where a lot of people could have been hurt had things been as he presented them to be as far as weapons and so forth." The court sentenced the defendant to the maximum in the range of fifteen years on the attempted aggravated robbery conviction and twelve years on the attempted robbery conviction.

## ANALYSIS

On appeal, the defendant argues that the trial court erred in imposing maximum sentences. He asserts that the court should have begun calculating his sentences at the minimum in the range and did not give any weight to his remarks at the hearing or in the presentence report. The defendant also asserts that the court never informed him as to the weight it was giving the enhancement factors and that the "high risk to human life" was inherent in the offenses.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing

in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

In imposing a specific sentence within a range, a trial court "shall consider, but is not bound by" certain advisory sentencing guidelines, including that the "minimum sentence within the range of punishment is the sentence that should be imposed" and that "[t]he sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors[.]" Tenn. Code Ann. § 40-35-210(c)(1), (2). The weighing of the various mitigating and enhancement factors is "left to the trial court's sound discretion." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008). This court cannot review a trial court's weighing of enhancement factors; we can only review the trial court's application of those enhancement factors. See id. at 344-45.

As a Range III offender, the defendant faced a potential sentence of ten to fifteen years on the Class C felony, attempted aggravated robbery conviction, and eight to twelve years on the Class D felony, attempted robbery conviction. See Tenn. Code Ann. § 40-35-112(c)(3), (4). The trial court, as noted above, sentenced the defendant to the maximum in the range on the basis of two enhancement factors – the defendant's history of criminal convictions, id. § 40-35-114(1), and the defendant had no hesitation about committing a crime when the risk to human life was high. Id. § 40-35-114(10). The defendant argues that

the trial court erred in enhancing his sentence based on his commission of a crime when the risk to human life was high because that factor is inherent in the crime of robbery. We discern no error with regard to the attempted robbery conviction because the risk to human life is not an essential element of robbery. See State v. Lavender, 967 S.W.2d 803, 807-08 (Tenn. 1998).

However, the offense of aggravated robbery accomplished with a deadly weapon necessarily entails a high risk to human life. See State v. Claybrooks, 910 S.W.2d 868, 873 (Tenn. Crim. App. 1994). Therefore, this factor should not have been used to enhance the attempted aggravated robbery conviction unless the defendant disregarded a high risk to the life of someone other than the named victim. See State v. Reid, 91 S.W.3d 247, 312 (Tenn. 2002). In its findings, the trial court noted that the defendant "committed two very serious offenses on the same night, both violent offenses where a lot of people could have been hurt had things been as he presented them to be as far as weapons and so forth." Thus, the trial court's findings indicate that there were others present whose lives were at risk because of the defendant's actions. The transcript from the trial was not included in the record on appeal for this court to determine whether other people were in fact present. Thus, the defendant has failed to prove that the application of this enhancement factor to his attempted aggravated robbery conviction was erroneous.

In any event, the presentence report shows that the twenty-six-year-old defendant has at least nine prior felony convictions.[1] The defendant's criminal record clearly supports the trial court's enhancement of the defendant's sentences. The weight given to the enhancement factors, as well as the decision to not give any mitigating weight to the defendant's statements at sentencing or from the presentence report, was in the trial court's sound discretion. We cannot conclude that the trial court abused its discretion in sentencing the defendant.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE

---

[1] The defendant was not sentenced as a career offender in spite of his number of prior convictions because six of the convictions only counted as one for purposes of range classification by operation of the twenty-four-hour merger rule. See Tenn. Code Ann. § 40-35-107(b)(4).