IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## JAMES ROBERT CRAWFORD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cumberland County**
**No. 5473B     Lillie Ann Sells, Judge**

**No. E2002-01535-CCA-R3-PC**
**December 9, 2002**

The defendant, indicted on counts of especially aggravated robbery, conspiracy to commit aggravated robbery, theft over $1,000.00, and evading arrest, entered pleas of guilt to aggravated robbery and theft over $1,000.00. The trial court imposed an effective sentence of ten years. There was no appeal. Later, the defendant filed a petition for post-conviction relief and the trial court granted a delayed appeal. The issues presented for our review are as follows: (1) whether the guilty plea was knowingly and voluntarily entered; (2) whether trial counsel was ineffective by failing to file a direct appeal or by failing to timely file a motion to reduce the sentence; (3) whether the trial court properly modified an illegal sentence; and (4) whether the sentence imposed was excessive. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Kevin R. Bryant (on appeal) and Tom Beesley (at trial), Crossville, Tennessee, for the appellant, James Robert Crawford.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 11, 1999, the defendant, David William Collins, Billy L. Kilby, and Joshua Ray Robbins, were involved in the robbery of a Kentucky Fried Chicken restaurant. According to the stipulated facts presented by the state at the time of the guilty pleas, the defendant and one of the others, who was armed with a knife, broke into the back of the restaurant wearing stocking masks and toboggans. An employee, Crystal Horne, was struck in the face several times and stabbed in the leg as she was forced to remove more than $1,000.00 from the safe. An off-duty police officer

observed the men, who were carrying a knife and the cash, as they left the restaurant and made the arrests. The defendant admitted his participation in the robbery. As a part of the original plea agreement, charges of conspiracy to commit aggravated robbery and evading arrest were dismissed by the state. The charge of especially aggravated robbery was reduced to the lesser offense of aggravated robbery, to which the defendant pled guilty. The defendant also pled guilty to theft over $1,000.00. Initially, the trial court imposed a ten-year sentence which was to be suspended after one year in jail; probation was ordered to extend for 12 years. Three days after the hearing on the guilty pleas, the state, after determining that probation was not permitted for the crime of aggravated robbery, filed a motion to correct the illegal sentence. Less than two weeks later, the trial court offered the defendant the opportunity to withdraw his pleas of guilt. When he declined, choosing instead to remain bound to the plea agreement, a sentence of ten years was imposed to be served in the Department of Correction. There was no appeal.

In 2001, 11 months after the corrected sentence was imposed, the petitioner filed a petition for post-conviction relief. After determining that the defendant was denied direct appellate review, the trial court granted this delayed appeal. See Tenn. Code Ann. § 40-30-213.

**I**

Initially, the defendant contends that his pleas were not voluntary. He claims that he was compelled by the unusual circumstances to re-enter his guilty pleas at the second proceeding. Further, the defendant alleges that his trial counsel was ineffective for failing to file a motion to reduce the sentence or a direct appeal of the sentence imposed.

The defendant alleges in his post-conviction petition that his plea was involuntary, that his sentence violated double jeopardy and due process principles and, by an amended petition after his attorney was appointed, that his trial counsel was ineffective by having failed to file a motion to reduce the sentence or prosecute a direct appeal. The trial court granted a delayed appeal under Tennessee Code Annotated section 40-30-213, which provides in pertinent part as follows:

> When the trial judge conducting the hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for such review, the judge can . . . grant a delayed appeal.

Tenn. Code Ann. § 40-30-213(a)(1).

In Gibson v. State, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998), this court established procedural guidelines for the delayed appeal. Our court ruled that when a delayed appeal was warranted, as in this instance, the remaining allegations should be dismissed without prejudice while the direct appeal is in process. The dismissal was to be without prejudice so that, at the conclusion of the direct appeal, a subsequent petition for post-conviction relief could be filed without any concern over procedural bars such as waiver or previous determination. See Tenn. Code Ann. § 40-

30-206(g) and (h); cf. Tenn. Code Ann. § 40-30-202©) ("[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed"). Recently, however, our supreme court amended Rule 28 of the Rules of the Supreme Court related to the granting of a delayed appeal:

> [I]n cases in which the trial court or the Court of Criminal Appeals determines that the petitioner was deprived of the right to an appeal pursuant to Rule 3, Tennessee Rules of Appellate Procedure, the trial court or the Court of Criminal Appeals shall stay the post-conviction proceedings pending the final disposition of the delayed appeal.

Tenn. Sup. Ct. Order amending Sup. Ct. R. 28 § 9(d), Oct. 22, 2002 (emphasis added).

In this case, the trial court did not expressly stay the post-conviction proceedings. It did not, however, address the constitutional claims included in the post-conviction petition in its order granting the delayed appeal. Because the trial court made no findings of fact with regard to the defendant's claims that his pleas were not voluntary and that he did not receive the effective assistance of counsel, appellate review of those claims is premature. In consequence, the appropriate action is to stay the post-conviction proceedings as they relate to the petitioner's claims that his counsel was ineffective and that his pleas were not voluntarily entered.

## II

Next, the defendant argues that the trial court erred by modifying his original sentence, which involved a term of imprisonment followed by probation, to a fully incarcerative sentence. He also claims that he merited a lenient sentence, as indicated by the trial court's initial sentence of ten years, with all suspended except for one year in jail.

Tennessee Code Annotated section 40-35-112(a)(2) establishes that a Range I sentence for a Class B felony must be between eight and twelve years. Tennessee Code Annotated section 40-35-303(a) provides that a defendant sentenced to more than eight years is not eligible for any form of probation. In addition, a defendant convicted of aggravated robbery under Tennessee Code Annotated § 39-13-402 is not eligible for probation at all. See Tenn. Code Ann. § 40-35-303(a). Moreover, a defendant convicted of aggravated robbery is not eligible for a community corrections sentence. See Tenn. Code Ann. § 40-36-106(a)(2). In this case, the sentence imposed for the defendant's conviction for aggravated robbery provided for a term of imprisonment followed by probation, in direct contravention of the sentencing act. It is well-settled that "'a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final.'" McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000) (quoting State v. Mahler, 735 S.W.2d 226, 227-28 (Tenn. 1987)). The trial court, therefore, had no choice but to correct the illegal sentence.

After being advised of the alternatives at the hearing on the motion to correct the illegal sentence, the defendant elected not to withdraw his guilty pleas even when the trial court offered to

let him do so. The trial court then ordered that the original ten-year sentence be served in the Department of Correction. When imposing the corrected sentence, the trial court reiterated that the following statutory enhancement factors were applicable:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
(5) the defendant treated or allowed the victim to be treated with exceptional cruelty during the commission of the offense;
(8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
(10) the defendant had no hesitation about committing the crime when the risk to human life was high;
(16) the crime was committed under circumstances under which the potential for bodily injury to a victim was great; and
(20) the defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed as an adult.

See Tenn. Code Ann. § 40-35-114(1), (5), (8), (10), (16), and (20). The trial court determined that two mitigating factors, the defendant's young age (19) and his sincere apology to the victim, see Tenn. Code Ann. § 40-35-113(6) and (13), were applicable but concluded that they would be given very little weight.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The defendant alleges that the trial court erred by the application of factors (5), (10), and (16). The state concedes that the trial court erred by applying factors (10) and (16), see State v. Claybrooks, 910 S.W.2d 868, 872 (Tenn. Crim. App. 1994) (holding that factors (10) and (16) are

not applicable to an aggravated robbery conviction because the crime necessarily involves risk to human life and potential for bodily harm), but asserts that enhancement factor (5), that the defendant treated or allowed the victim to be treated with exceptional cruelty, was appropriate.

Before enhancement factor (5) may be applied, the facts must demonstrate a culpability distinct from and greater than that incident to the crime. State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997). The trial court is required to place on the record the actions of the defendant which qualified as exceptionally cruel. State v. Goodwin, 909 S.W.2d 35, 45 (Tenn. Crim. App. 1995). Initially, while the trial court referred to testimony of both the victim and the defendant, there is no transcript of the testimony. It is the responsibility of the appellant to prepare an adequate record for appeal. See Groseclose v. State, 615 S.W.2d 142 (Tenn. 1983). When critical portions of the record are omitted, this court must presume that the decision was correct. State v. Keen, 996 S.W.2d 842 (Tenn. Crim. App. 1999); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Here, the evidence presented at the sentencing hearing apparently established that the defendant entered the store with the co-defendant and that the victim was manhandled, choked, and stabbed. The trial court also noted that the victim begged for mercy, informing the perpetrators that she was the mother of two young children. Further, the defendant threatened the victim that she would be killed if she made any attempt to contact authorities. In our view, the trial court properly applied enhancement factor (5).

In conclusion, because there were four applicable enhancement factors, to which great weight was given, and only two applicable mitigating factors, a ten-year sentence is appropriate.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE