IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

## STATE OF TENNESSEE v. TONY LEVELLE FORD

**Direct Appeal from the Circuit Court for Blount County**
**No. C-13552     D. Kelly Thomas, Jr., Judge**

---

**No. E2003-01725-CCA-R3-CD**
**June 4, 2004**

---

The defendant, Tony Levelle Ford, entered guilty pleas to aggravated burglary and conspiracy to commit aggravated robbery. The Blount County trial court ordered the defendant to serve concurrent five-year sentences in confinement as a Range I standard offender. On appeal, the defendant contends his sentences are excessive. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

David M. Boyd, Maryville, Tennessee, for the appellant, Tony Levelle Ford.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Michael A. Gallegos, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant entered an open guilty plea to one count of conspiracy to commit aggravated robbery and one count of aggravated burglary, Class C felonies, for driving co-defendants Robert Andrade and Cornell Bailey to and from Michael Fann's residence where the co-defendants committed an armed robbery. *See* Tenn. Code Ann. §§ 39-12-103 (conspiracy), 39-13-402 (aggravated robbery), 39-14-403 (aggravated burglary). Following a sentencing hearing, the trial court imposed concurrent sentences of five years for each offense to be served in confinement as a Range I standard offender.[1]

---

[1]Co-defendants Andrade and Bailey also pled guilty to the same offenses. Co-defendant Andrade received an effective four-year sentence with one year of incarceration followed by probation. Co-defendant Bailey received an effective six-year sentence to be served in confinement.

# I. SENTENCING HEARING

Michael Fann testified he, along with his son, Kevin, and Kevin's girlfriend, Misty Morton, were present at the residence on May 23, 2001, when the robbery occurred. He stated Bailey and two other men came in his residence and committed the robbery.

The defendant testified that on May 23, 2001, while drinking alcohol at Andrade's residence, Bailey arrived and asked them if they were interested in making some money. The defendant explained that someone had taken money from Bailey's friend. The defendant stated his role in the offenses was to drive the other participants to the residence and return for them at a later time. The defendant and the co-defendants then picked up two men, neither of whom the defendant knew. The defendant stated that although he did not possess a weapon, he knew the other men possessed weapons and planned to "go bursting" into the residence while Andrade remained outside. The defendant further stated he did not know Michael Fann, Kevin Fann, or Misty Morton.

The defendant testified that after the co-defendants and the two other men exited the vehicle at the residence, he parked the vehicle at a location down the road and waited. The defendant subsequently received a "walkie-talkie call" instructing him to pick up the other participants at the residence. The defendant did so and returned the two unidentified men to their vehicle.

The defendant testified that after he was arrested, he gave a statement to the police regarding each participant's role in the incident. The defendant stated he did not attempt to discover the identities of the other two men and did not discover any information regarding the two men. The defendant further stated he was to receive $5,000 for his role in the offenses but did not receive any money.

The defendant admitted he was convicted in 1993 in South Carolina for malicious injury to personal property, drunk and disorderly conduct, and resisting arrest. The defendant further testified he last used cocaine and marijuana after the plea hearing but prior to the sentencing hearing. He maintained he no longer used drugs.

The presentence report, which was entered into evidence at the sentencing hearing, revealed the defendant also had prior misdemeanor convictions in South Carolina for failure to appear and criminal domestic violence. The report also revealed the conviction for malicious injury to personal property resulted in a two-year suspended sentence. The report further noted the defendant admitted using cocaine and marijuana and refused to take a drug screen.

Co-defendant Bailey testified the robbery was planned in hopes of recovering approximately $80,000 from drug transactions that allegedly had been stolen by Kevin Fann from one of Bailey's friends. Bailey testified he contacted the defendant, the co-defendant, and two other men and directed them to the Fann residence. Bailey and the other two men were armed and entered the residence. Co-defendant Robert Andrade testified his role was to wait outside the residence, and he also possessed a handgun at that time.

## II. TRIAL COURT'S FINDINGS

At the conclusion of the sentencing hearing, the trial court applied the following enhancement factors to the defendant's convictions for aggravated burglary and conspiracy to commit aggravated robbery: enhancement factor (2), "[t]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range"; enhancement factor (4), "[t]he offense involved more than one . . . victim"; and enhancement factor (11), "[t]he defendant had no hesitation about committing a crime when the risk to human life was high." *See* Tenn. Code Ann. § 40-35-114(2), (4), (11) (2003). The trial court further noted it considered that "the proof established mitigation on [the defendant's] behalf as it relates to assisting the authorities and being truthful in [his] statements." The trial court sentenced the defendant to five years for each conviction to be served concurrently as a Range I standard offender.

## III. STANDARD OF REVIEW

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

## IV. ANALYSIS

The defendant contends the trial court misapplied certain enhancement factors and failed to apply certain mitigating factors. The defendant further submits the trial court erred in weighing the applicable enhancement and mitigating factors.

### A. Waiver

The facts and circumstances of the offense were important to the trial court's sentencing determinations; however, the transcript of the guilty plea proceeding is absent from the record. Generally, our proper course of action is to *sua sponte* presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). Nevertheless, the evidence introduced at the sentencing hearing provides us with an adequate record in this case. Thus, we will review the issues on their merit.

### B. Enhancement and Mitigating Factors

The defendant maintains the trial court misapplied enhancement factor (2), previous history of criminal convictions or criminal behavior. *See* Tenn. Code Ann. § 40-35-114(2) (2003). In

applying this enhancement factor, the trial court noted that although the defendant's prior convictions were "relatively minor," it gave great weight to the defendant's history of illegal drug use. The record indicates the defendant had four prior convictions spanning from 1991 until 1997. Furthermore, the defendant acknowledged a history of marijuana and cocaine use and stated he had continued to use the drugs after entering the pleas in the present case. One does not have to be convicted in order to establish "criminal behavior" under this enhancement factor. State v. Carico, 968 S.W.2d 280, 288 (Tenn. 1998); *see also* State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997) (holding this enhancement factor was properly applied when the defendant admitted to a history of drug use). The trial court properly applied this enhancement factor to the defendant's convictions. Furthermore, the weight given to an enhancement or mitigating factor is within the discretion of the trial court if the findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The trial court did not err in giving this enhancement factor great weight.

The defendant next contends the trial court misapplied enhancement factor (11), high risk to human life. *See* Tenn. Code Ann. § 40-35-114(11) (2003). Aggravated burglary, as applicable to the present case, is the entering of a habitation with the intent to commit theft. *See id.* §§ 39-14-402(a)(1), -403(a). Enhancement factor (11) is not an essential element of aggravated burglary. State v. James Ruben Conyers, No. M2002-01007-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 765, at **64-65 (Tenn. Crim. App. Sept. 5, 2003), *perm. to app. denied* (Tenn. 2004). Furthermore, the facts demonstrate that by driving the other participants to a residence knowing these participants were armed and planned to "go bursting" into the residence, the defendant had no hesitation about committing a crime in which the risk to human life was high. Therefore, the trial court properly applied enhancement factor (11) to the defendant's aggravated burglary conviction.

The defendant was also convicted of conspiracy to commit aggravated robbery accomplished with a deadly weapon. *See* Tenn. Code Ann. §§ 39-12-103, -13-402(a)(1). Because the offense of aggravated robbery accomplished with a deadly weapon necessarily entails a high risk to human life, this enhancement factor is inherent in aggravated robbery. State v. Claybrooks, 910 S.W.2d 868, 873 (Tenn. Crim. App. 1994). Furthermore, the high risk to human life is ordinarily inherent to conspiracy to commit aggravated robbery. *See* State v. Tony Wayne Snyder, No. 03C01-9403-CR-00101, 1995 Tenn. Crim. App. LEXIS 927, at *24 (Tenn. Crim. App. Nov. 21, 1995) (holding this enhancement factor ordinarily is inapplicable to conspiracy to commit first degree murder because the risk to the intended victim is inevitable in the conspiracy, but was proper in the case because someone other than the intended victim was endangered), *perm. to app. denied* (Tenn. 1996).

The state contends that Kevin Fann was the only intended victim of the robbery, yet both Michael Fann and Misty Morton were also endangered by the robbery itself. *See* State v. Imfeld, 70 S.W.3d 698, 707 (Tenn. 2002) (holding this enhancement factor may be applied where persons other than the named victim are at risk). However, the indictment specifically alleged that "Michael Fann, Kevin Fann and Misty Morton" were robbed "in furtherance of the conspiracy." In light of the indictment, we conclude that all three persons were named victims. Therefore, the trial court erred

in applying enhancement factor (11) to the defendant's conviction for conspiracy to commit aggravated robbery.

The defendant seeks a reduction in his sentence, contending his cooperation with the police qualified under both mitigating factor (9), "[t]he defendant assisted the authorities in uncovering offenses committed by other persons . . ."; and mitigating factor (10), "[t]he defendant assisted the authorities in locating or recovering any property or person involved in the crime." *See* Tenn. Code Ann. § 40-35-113(9), (10). However, the trial court expressly considered the defendant's cooperation with the police in mitigation. Whether that cooperation literally fell within the ambit of one or both mitigators has no significant impact. The failure to specify that both mitigators might be implicated does not, in our view, lead to a further reduction in the sentence.

The wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). This determination requires that we review the evidence supporting any remaining enhancement factors, as well as the evidence supporting any mitigating factors. Imfeld, 70 S.W.3d at 707. The defendant was convicted of two Class C felonies as a Range I standard offender with a sentencing range of three to six years. *See* Tenn. Code Ann. § 40-35-112(a)(3). Considering the great weight assigned to enhancement factor (2) and the defendant's cooperation in mitigation, we conclude the trial court did not err in sentencing the defendant to five years for each offense, which is two years above the minimum sentence and one year less than the maximum sentence.

Accordingly, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE